
## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EISAMAN CONTRACT ASSOCIATES, Inc., | : | CIVIL ACTION |
| Plaintiff | : | No.: 2:17-cv-00061-RCM |
| v. | : | |
| SMITH SYSTEM MFG., CO., | : | |
| Defendant. | : | **Electronically Filed and Served** |

### SMITH SYSTEM MFG. CO.'S MOTION TO DISMISS

Defendant Smith System Mfg. Co. ("Smith System") hereby moves the Court to dismiss Plaintiff Eisaman Contract Associates, Inc.'s ("Eisaman") Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and the doctrine of *forum non conveniens* (the "Motion to Dismiss").

### INTRODUCTION

1. Eisaman previously served as an independent regional sales representative for Smith System pursuant to the terms of a written sales representative agreement.

2. In 2014, Smith System notified Eisaman, in accordance with the parties' sales representative agreement, that Smith System had terminated certain regions from Eisaman's purview as a sales representative.

3. In 2016, Smith System terminated its relationship with Eisaman altogether. Upon final termination, Smith System, in accordance with the parties' agreement, paid Eisaman all commissions due on orders received as of the time of the termination—as well as commissions it was not contractually obligated to pay.

4. Nevertheless, Eisaman now sues Smith System for breach of the sales representative agreement, alleging, among other things, unpaid commissions.

5. The express terms of the parties' sales representative agreement mandate Collin County, Texas as the forum for "any litigation" between the parties. Eisaman has nonetheless commenced this action in the Western District of Pennsylvania in contravention of that agreement.

6. Because the parties' agreement requires that "any litigation" between them "shall be filed in Collin County, Texas," Smith System respectfully requests that this Court dismiss the Complaint in its entirety.

## FACTUAL BACKGROUND

7. Smith System is a Texas-based company that specializes in the manufacture and sale of desks, tables, and other school-related furniture used in educational environments nationwide. (Compl. ¶¶ 5, 7)

8. In the past, Smith System has engaged independent sales representatives, such as Eisaman, to sell Smith System products in certain designated territories pursuant to the terms of a standard form sales representative agreement. (*Id.* ¶ 6, 8-9; Risdall Decl. Ex. 1, at § 1.1 & Ex. A, Ex. B (identifying the designated territories and products, and providing that Smith System may amend either, "from time to time, in its sole discretion, upon notice to the Representative")[1]

9. Smith System and Eisaman entered into a sales representative agreement on November 12, 2006. (Compl. ¶¶ 8-10, 11, 13-14; Risdall Decl. Ex. 1)[2] Eisaman now brings the

---

[1] As detailed in the memorandum of law filed herewith, a court may consider documents appended to the defendant's motion to dismiss without converting the motion to a motion for summary judgment "if the plaintiff's claims are based on the [appended] document[s]," as they plainly are in this breach of contract case. *E.g.*, *Pension Ben. Guar. Corp. v. White Consol. Industries, Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

[2] Bob Redding, Smith System's then-Vice President of Sales, utilized a standard form sales representative agreement, inaptly dated January 31, 2003, as the foundation of the parties' written agreement. (Risdall Decl. Ex. 1, at 1) Smith System then particularized the agreement to

present action, alleging Smith System breached this sales representative agreement by failing to perform its obligations thereunder.  (Compl. ¶¶ 10-14)

10. Under the terms of the sales representative agreement, Eisaman expressly acknowledged and agreed that the sales representative agreement was the parties' entire agreement, that all prior agreements and arrangements between the parties were superseded and of no effect, and that Smith System was released of all obligations under any such prior agreements.  (Risdall Decl. Ex. 1, at 13.1, 17)  The agreement also contained mandatory choice-of-law and forum-selection clauses, providing, respectively, that the "governing law of this Agreement shall be governed by and construed pursuant to the laws of the State of Texas" and "[a]ny litigation of lawsuits between the parties . . . shall be filed in Collin County, Texas."  (*Id.*, Ex. 1, at § 18.1)

11. The parties subsequently amended, reaffirmed, and acted pursuant to this agreement over the ensuing years, at times modifying the terms of Eisaman's engagement as a Smith System sales representative.  (Compl.  9)

12. By way of example, in February 2009, Eisaman reaffirmed the sales representative agreement by executing a "revis[ion]" to Exhibit D of the agreement, which adjusted Eisaman's commission compensation.  (Risdall Decl. Ex. 2; *see also id.*, Ex. 1, §§ 6.1,

---

Eisaman via written amendments and Exhibits contemporaneously executed with this standard form.  (*See, e.g.*, Risdall Decl. Ex. 1, at (fax line page) 4 & Exs. B, D, A (defining "Additional duties and responsibilities of the representative," specifying the "Products" to be sold, the "Commission[s]" to be collected, and the "Territor[ies]" to be covered))  As plainly indicated by the fax line at the top of the sales representative agreement and the signatures at its conclusion, Smith System and Eisaman executed this standard form, in addition to all the specific amendments and Exhibits thereto, on November 12, 2006.  (Risdall Decl. Ex. 1)  When transmitting the agreement to Eisaman for execution, Mr. Redding inadvertently omitted the fifth page of the standard form.  (*See id.*)  However, that omission has no bearing on the issue presently before this Court.

6.4 & Exhibit D (noting that Eisaman's commission amounts were set forth in Exhibit D and that those amounts may be changed by Smith System, in its sole discretion, upon 30 days' notice))

13. Eisaman executed another "revis[ion]" to Exhibit D, captioned "Addendum to rep agreement," on June 13, 2011. (Risdall Decl. Ex. 3)

14. And in August 2012, Eisaman executed yet another "revised" Exhibit D, also captioned "Addendum to rep agreement," again reaffirming the sales representative agreement and acknowledging a change in its commissions. (Risdall Decl. Ex. 4)

15. Smith System terminated Eisaman as its sales representative under the terms of the sales representative agreement on April 7, 2016. (Compl. 11) Eisaman then commenced this breach of contract action in the Western District of Pennsylvania in contravention of its express agreement to venue "any litigation" between the parties in Collin County, Texas.

16. In accordance with these facts, and based upon the files, records, pleadings, arguments of counsel, and memoranda of law and other submissions filed herewith, Smith System respectfully requests that the Court dismiss Eisaman's Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6), the governing forum-selection clause, and the doctrine of *forum non conveniens*.

Date:  March 17, 2017

Respectfully submitted,

STRASSBURGER MCKENNA GUTNICK & GEFSKY

By: /s David Strassburger
David Strassburger (Pa. ID No. 76027)
444 Liberty Avenue, Suite 2200
Pittsburgh, PA 15222
412-281-5423
dstrassburger@smgglaw.com

and

Thomas H. Boyd, (MN Bar No. 200517)
Alexander M. Hagstrom, (MN Bar No. 397320)
Admitted *pro hac vice*
Winthrop & Weinstine, P.A.
225 South Sixth Street, Suite 3500
Minneapolis, MN 55402-4629
T (612) 604-6400 | F (612) 604-6800
tboyd@winthrop.com
ahagstrom@winthrop.com

*Attorneys for Defendant*
*Smith System Mfg. Co.*