IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EISAMAN CONTRACT ASSOCIATES, Inc., | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | No.: 2:17-cv-00061-RCM |
| | : | |
| v. | : | |
| | : | |
| SMITH SYSTEM MFG., CO., | : | |
| | : | |
| Defendant. | : | **Electronically Filed and Served** |

**MEMORANDUM OF LAW IN SUPPORT OF SMITH SYSTEM MFG. CO.'S MOTION TO DISMISS**

Defendant Smith System Mfg. Co. ("Smith System") respectfully submits this memorandum of law in support of its Motion to Dismiss Plaintiff Eisaman Contract Associates, Inc.'s ("Eisaman") Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and the doctrine of *forum non conveniens*.

**LEGAL STANDARD**

The Third Circuit has established that a valid forum-selection clause is an appropriate ground for dismissal pursuant to Fed. R. Civ. P. 12(b)(6), even when the clause contractually mandates another federal forum. *Salovaara v. Jackson Nat. Life Ins. Co.*, 246 F.3d 289, 298-99 (3d Cir. 2001) (holding that "when a defendant moves under Rule 12, a district court retains the judicial power to dismiss notwithstanding its consideration of § 1404"); *see also Podesta v. Hanzel*, 3:15CV375, 2015 WL 5286743, at *2 (M.D. Pa. Sept. 10, 2015) (dismissing the Pennsylvania-venued suit under Rule 12(b)(6) because a valid forum-selection clause required the suit to be filed in the "State of North Carolina").

Under a traditional Rule 12(b)(6) analysis, "courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record."

*Pension Ben. Guar. Corp. v. White Consol. Industries, Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). However, courts may also consider documents appended to the defendant's motion that are "integral or explicitly relied upon in the complaint . . . without converting the motion into one for summary judgment." *Sunquest Info. Sys., Inc. v. Dean Witter Reynolds, Inc.*, 40 F. Supp. 2d 644, 649 (W.D. Pa. 1999) (quoting *In re Burlington Coat Factory Securities Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997); *see, e.g.*, *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (concluding that a complaint, which referred "only to the 'plan' as an entity and not to the 'plan documents,'" was nonetheless "based on rights under the plans which are controlled by the plans' provisions as described in the plan documents," and as such, the plan documents were incorporated through reference, were central to the plaintiff's claims, and would be considered), *abrogated on other grounds*, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). "Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied." *Pension Ben.*, 998 F.2d at 1196.

For purposes of a motion to dismiss, the "facts alleged in the complaint and all reasonable inferences that can be drawn from them are," in general, "accepted as true." *Malia v. General Electric Company*, 23 F.3d 828, 830 (3d Cir. 1994). However, a court need not accept as true a complaint's bald assertions or legal conclusions. *Sunquest*, 40 F. Supp. 2d at 649. Nor is a court required to accept as true allegations that are internally inconsistent or plainly contradicted by documents that are appropriately incorporated into the record. *E.g.*, *S. Cross Overseas Agencies, Inc. v. Wah Kwong Ship. Group Ltd.*, 181 F.3d 410, 427 (3d Cir. 1999); *Amelio v. McCabe, Weisberg & Conway, P.C*, CIV.A. 14-1611, 2015 WL 4545299, at *4 (W.D. Pa. July 28, 2015).

"Indeed, in the event of a factual discrepancy between the pleading and the attached exhibit, the exhibit controls." *Sunquest*, 40 F. Supp. 2d at 649.[1]

## ARGUMENT

Eisaman has haled Smith System into the Western District of Pennsylvania in contravention of its express agreement that "any litigation" would be venued "in Collin County, Texas." This action, which is founded on Smith System's alleged breach of the very agreement containing this contractual obligation, falls squarely within the meaning of "any litigation." Therefore, this action should be dismissed to be refiled, if at all, in Collin County, Texas.

The interpretation and enforcement of a forum-selection clause is a question of law to be determined by the court. *Salovaara*, 246 F.3d at 295. In determining whether a forum-selection

---

[1] To the extent this Court concludes it must consider matters outside the pleadings—it does not—it can also consider such matters without converting this Motion to Dismiss into a motion for summary judgment. Courts regularly assess a motion to dismiss based on a forum-selection clause in accordance with Rule 12(b)(3) improper-venue standards, which permit a court to disregard the allegations in the complaint to the extent controverted by a movant's submissions and to consider other evidence outside of the pleadings. *See, e.g., Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996); *Martinez v. Bloomberg LP*, 740 F.3d 211, 216-17 (2d Cir. 2014); *Mitsui & Co., (U.S.A.), Inc. v. M/V MIRA*, CIV. A. 95-4224, 1996 WL 444193, at *1 (E.D. La. Aug. 7, 1996), *aff'd sub nom.*, 111 F.3d 33 (5th Cir. 1997); *J.R.S., Inc. v. Panduit Corp.*, 08-CV-0653CVEFHM, 2009 WL 37601, at *2 (N.D. Okla. Jan. 6, 2009); *Computer Scis. Corp. v. Cognizant Tech. Sols. U.S. Corp.*, 315CV00267HDMVPC, 2015 WL 7312884, at *2 (D. Nev. Nov. 18, 2015); *see also Bockman v. First Am. Mktg. Corp.*, 459 Fed. Appx. 157, 158 (3d Cir. 2012) (applying this standard to a Rule 12(b)(3) motion).

This approach has been followed for several reasons. First, a Rule 12(b)(6) motion based on a forum-selection clause does not fulfill the conventional purpose of a Rule 12(b)(6) motion—i.e., to test the sufficiency of the allegations—but instead fulfills a purpose akin to the other Rule 12(b) motions: to test "the propriety of the particular federal court adjudicating the claim before it." *See* Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1366 (2d ed. 1990). Because motions based on the other Rule 12(b) bases, unlike Rule 12(b)(6), "do not reach the validity of the claim" and "are not proper subjects for motions for summary judgment," "[t]here never has been any serious doubt as to the availability of extra-pleading material" on such motions. *Id.* Second, this approach "is consistent with the Supreme Court's standard for resolving forum selection clause cases," which requires consideration of factual matters outside and unrelated to the allegations in the complaint. *E.g., Argueta*, 87 F.3d at 324 (citing, e.g., *Carnival Cruise Lines v. Shute*, 499 U.S. 585 (1991); *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1 (1972)). Third, this approach prevents plaintiffs from circumventing their contractual obligations by pleading around them. *J.R.S.*, 2009 WL 37601, at *2 n.2.

clause should be enforced in a particular case, courts focus on two basic issues: first, whether the forum-selection clause is valid and enforceable; and second, whether the applicable *forum non conveniens* factors delineated by the Supreme Court in *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Texas*, 134 S. Ct. 568 (2013) weigh in favor of enforcement. *See Salovaara*, 246 F.3d at 297-300 (holding the district court, which analyzed the defendant's Rule 12(b)(6) motion in light of the 28 U.S.C. § 1404(a) transfer-of-venue factors, correctly dismissed the plaintiff's action); *Knopick v. UBS AG*, 137 F. Supp. 3d 728, 731-32 & 736 n.11 (M.D. Pa. 2015) (noting the *Atlantic Marine* analysis applies to cases that, as here, involve mandatory forum-selection clauses); *McCusker v. hibu PLC*, CIV.A. 14-5670, 2015 WL 1600066, at *2-5 (E.D. Pa. Apr. 8, 2015) (utilizing this test and noting that a forum-selection clause using the language "shall be brought" constituted a mandatory forum-selection clause). The party arguing against the enforcement of the forum-selection clause—in this case, Eisaman—bears the burden of establishing that the clause should not be enforced. *Knopick*, 137 F. Supp. 3d at 732.

**I.      The Forum-Selection Clause Is Valid and Enforceable.**

The forum-selection clause in the parties' sales representative agreement is valid and enforceable. Forum-selection clauses "are entitled to great weight" and "are presumptively valid." *Wall St. Aubrey Golf, LLC v. Aubrey*, 189 Fed. Appx. 82, 85 (3d Cir. 2006) (citing *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 202 (3d Cir. 1983), *overruled on other grounds by Lauro Lines v. Chasser*, 490 U.S. 495 (1989)). Only a forum-selection clause shown by the resisting party to be " 'unreasonable' under the circumstances" will be invalidated. *Knopick*, 137 F. Supp. 3d at 732 (quoting *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 10 (1972)). A forum-selection clause is "unreasonable" *only* if the resisting party can establish that: (1) "it is the result of fraud or overreaching"; (2) its "enforcement would violate a strong policy of the forum"; or (3) its "enforcement would in the particular

4

circumstances of the case result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable." *Coastal Steel*, 709 F.2d at 202. To satisfy its burden of establishing unreasonableness, the resisting party "must meet a strict standard of proof." *In re Diaz Contracting, Inc.*, 817 F.2d 1047, 1051 (3d Cir. 1987) (internal quotation omitted); *see also Knopick*, 137 F. Supp. 3d at 732 ("A forum selection clause controls 'absent a strong showing that it should be set aside.'" (quoting *M/S Bremen*, 407 U.S. at 15)).

Eisaman cannot meet its strict standard of proof in this case. First, the Complaint makes no allegation that the inclusion of the forum-selection clause in the parties' controlling sales representative agreement was obtained by fraud or coercion, nor are there any facts that could support a claim that it was obtained by fraud or coercion. *See Knopick*, 137 F. Supp. 3d at 733 (noting that the inclusion of the forum-selection clause, rather than the creation of the contract as a whole, must be the product of the fraud or coercion); *McCusker*, 2015 WL 1600066, at *4 (noting the plaintiff's failure to allege as much). The forum-selection clause is plainly stated and conspicuously placed. Moreover, Eisaman was an independent regional sales representative and, therefore, not in a situation where it was forced to deal with Smith System.

Second, the enforcement of the forum-selection clause would not contravene "strong" Pennsylvania public policy. *See Knopick*, 137 F. Supp. 3d at 732, 35-36. To the contrary, in accordance with federal law, Pennsylvania law recognizes the presumptive validity of forum-selection clauses and has long enforced such provisions as binding contractual obligations. *E.g.*, *C. Contracting Co. v. C. E. Youngdahl & Co.*, 209 A.2d 810, 816 (Pa. 1965) (holding forum-selection clauses are enforceable, reasoning that "[i]f the agreed upon forum is available to plaintiff and said forum can do substantial justice to the cause of action then plaintiff should be bound by his agreement"); *O'Hara v. First Liberty Ins. Corp.*, 984 A.2d 938, 942-43 (Pa. Super.

2009) (recognizing the presumptively validity of forum-selection clauses and rejecting the plaintiff's contention that such a clause should be deemed invalid in light of Pennsylvania's purported strong public policy in favor of plaintiff having his choice of forum).

Finally, mere inconvenience or cost does not foreclose enforcement of the forum-selection clause at issue. *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991) (noting the "heav[iness]" of this burden). "Mere inconvenience or additional expense is not the test of unreasonableness since it may be assumed that the plaintiff received under the contract consideration for these things." *C. Contracting*, 209 A.2d at 816; *see also Schwartz T.P. Inc. v. McCarthy*, CIV. 14-1014, 2015 WL 1508416, at *3 (W.D. Pa. Mar. 31, 2015); *M/S Bremen*, 407 U.S. at 17-18 ("Whatever 'inconvenience' Zapata would suffer by being forced to litigate in the contractual forum as it agreed to do was clearly foreseeable at the time of contracting.").[2] Rather, it is "incumbent on the party seeking to escape his contract to show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." *M/S Bremen*, 407 U.S. at 18. But Eisaman and Smith System are not to litigate in some "remote alien forum." *Cf. Shute*, 499 U.S. at 595 (referencing a hypothetical case in which a forum-selection clause identified a "remote alien forum" entirely unrelated to either party or their localized dispute in an attempt to practically preclude a party's ability to litigate legitimate claims). On the contrary, similar to the parties in *Shute*, Smith

---

[2] Indeed, in *Atlantic Marine* the Supreme Court explained that the presence of a freely agreed to forum-selection clause alters the traditional *forum non conveniens* analysis in several ways. 134 S. Ct. at 581. As relevant to the present analysis, "a court . . . should not consider arguments about the parties' private interests," which include, among other things, "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* at 581 n.6 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, n. 6 (1981)).

System and Eisaman expressly agreed "any litigation" would be conducted in "Collin County, Texas," the location of Smith System's principal place of business. This clause was not surreptitiously inserted into the parties' agreement. It was clearly and conspicuously stated, and Smith System required and relied on this term in entering into the regional sales representative agreement with Eisaman to cover territories along the eastern seaboard.

Eisaman cannot meet is heavy burden of overcoming the presumption of validity that is attached to the forum-selection clause in the parties' freely agreed to sales representative agreement. Thus, the forum-selection clause is valid and enforceable by this Court.

## II.     The Applicable *Forum Non Conveniens* Factors Favor Dismissal

Once the validity of the forum-selection clause is determined, a court then considers whether the *forum non conveniens* analysis delineated in *Atlantic Marine* warrants dismissal. *Knopick*, 137 F. Supp. 3d at 736; *McCusker*, 2015 WL 1600066, at *5. However, at the threshold, a court must first determine whether the destination forum would be "an adequate alternative." *Knopick*, 137 F. Supp. 3d at 736 (citing *Piper Aircraft*, 454 U.S. at 254). To make that determination, a court must assess whether the resisting party has shown that the destination forum's law provides a remedy that is "so clearly inadequate or unsatisfactory that it is not remedy at all." *Piper Aircraft*, 454 U.S. at 254.

In this case, there is no reason why the courts in Collin County, Texas or the laws of the State of Texas—which would also have to be applied by this Court pursuant to the parties' choice-of-law provision even if there were no forum-selection clause—would provide a remedy so clearly inadequate or unsatisfactory as to not be a remedy at all. On the contrary, this is a straightforward breach of contract case that can and will be fairly and properly addressed in a state or federal court in Texas. Accordingly, the courts of Collin County, Texas would be an adequate alternative forum to litigate this dispute.

Next, under *Atlantic Marine*, when a valid forum-selection clause is at issue the traditional *forum non conveniens* analysis is altered in two primary ways. 134 S. Ct. at 581. "First, the plaintiff's choice of forum merits no weight. Rather, as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that [dismissal or] transfer to the forum for which the parties bargained is unwarranted." *Id.* Second, and relatedly, because the parties "preselected" their forum via the forum-selection clause, the court "should not consider arguments about the parties' private interests." *Id.* at 582. Instead, the court must consider the "public-interest factors only." *Id.* These factors include: "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.* at 581 n.6. To successfully meet its burden, Eisaman must prove that these factors "overwhelmingly" weigh in its favor. *Id.* at 583. Such a showing will be possible only "under extraordinary circumstances," and as a result, the public-interest factors will "rarely" carry the day in favor of the resisting party. *Id.* at 581-82.

Eisaman cannot satisfy its heavy burden to prove this is an "extraordinary" case in which the public-interest factors "overwhelmingly" weigh in its favor. To start, there are no particular judicial economies that weigh in favor of Eisaman. Nothing of substance has occurred in these proceedings to date. Moreover, Eisaman will have its choice between the federal and state courts located in Collin County, Texas, and it can pursue its claims as quickly as it complies with its express contractual obligation of filing this action in one of those forums. Therefore, dismissal of this action in accordance with the parties' express agreement that "any litigation" would be venued in Collin County, Texas provides Eisaman with the opportunity and ability to move forward with litigation in one of two alternative forums as quickly as he wishes to proceed.

Next, the local interest factor does not weigh in Eisaman's favor. Indeed, this factor is either neutral or favors dismissal in this case. This case is not a "localized controversy" of special interest to Pennsylvania. As Eisaman has acknowledged, the parties' sales representative agreement has never been confined to Pennsylvania. (Compl. ¶¶ 8-9) Instead, at various points in the parties' relationship, their agreement has also encompassed sales activities in parts of New York, West Virginia, and New Jersey. (*Id.*) In fact, in addition to Pennsylvania, the parties' agreement encompassed West Virginia and portions of New York—the states originally contracted for by the parties—until the very end of the parties' relationship. (Compl. ¶¶ 8-10; Risdall Decl. Ex. 1, at Ex. A (noting the territories to be serviced)) Accordingly, to the extent Pennsylvania has some interest in protecting Eisaman for the non-exclusive sales activities occurring within its borders, that interest is by no means "extraordinary" or unique to Pennsylvania and any such interest is outweighed, or at the very least counterbalanced, by the equally significant interest that Texas has in protecting its citizens.

Lastly, the Western of District of Pennsylvania does not have any particular or unique experience with Texas law—the law the parties agreed will be applicable to this contract dispute. The parties' agreed that their sales representative agreement, which forms the basis of this dispute, is to "be governed by and construed pursuant to the laws of the State of Texas." (Risdall Decl. Ex. 1, at § 18.1) Consequently, the courts in Collin County, Texas would be most "at home" with the law applicable to this dispute. Thus, this factor, like the foregoing factors, does not weigh in Eisaman's favor.

In sum, Eisaman cannot meet its burden of establishing that these factors "overwhelmingly" favor validating its "def[iance]," *Atlantic Marine*, 134 S. Ct. at 581, 583, of its freely accepted promise to venue "any litigation" in Collin County, Texas. As the Supreme

Court has aptly held, "[i]n all but the most unusual cases . . . , 'the interest of justice' is served by holding parties to their bargain." *Id.* at 583. The interest of justice would likewise be served in this breach of contract action by holding Eisaman to *all* of terms of the parties' sales representative agreement, not just the selected terms that suits Eisaman's purposes.

## CONCLUSION

For the foregoing reasons, Smith System respectfully requests that its Motion to Dismiss be granted in its entirety pursuant to Fed. R. Civ. P. 12(b)(6), the governing forum-selection clause, and the doctrine of *forum non conveniens*.

Date:  March 17, 2017

Respectfully submitted,

STRASSBURGER MCKENNA GUTNICK & GEFSKY

By: /s David Strassburger
David Strassburger (Pa. ID No. 76027)
444 Liberty Avenue, Suite 2200
Pittsburgh, PA 15222
412-281-5423
dstrassburger@smgglaw.com

and

Thomas H. Boyd, (MN Bar No. 200517)
Alexander M. Hagstrom, (MN Bar No. 397320)
Admitted *pro hac vice*
Winthrop & Weinstine, P.A.
225 South Sixth Street, Suite 3500
Minneapolis, MN 55402-4629
T (612) 604-6400 | F (612) 604-6800
tboyd@winthrop.com
ahagstrom@winthrop.com

*Attorneys for Defendant
Smith System Mfg. Co.*

10