**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| EISAMAN CONTRACT ASSOCS., INC., ) ) Plaintiff, ) ) v. ) ) SMITH SYS. MFG., CO., ) ) Defendant. ) | No. 2:17-cv-00061-RCM Magistrate Judge Robert C. Mitchell |

**MEMORANDUM OPINION**

**I.   Introduction**

Presently before the Court is a Rule 12(b)(6) motion (Docket No. 9) brought by Defendant Smith Systems Manufacturing ("Smith"). The Plaintiff, Eisaman Contract Associates ("Eisaman"), filed a breach-of-contract action pursuant to the Court's diversity jurisdiction against Smith. Smith brings his Rule 12(b)(6) motion (Docket No. 9) to enforce a forum-selection clause. This clause requires "any litigation of lawsuits between the parties" to "be filed in Collin County, Texas." (Docket No. 16-2 ¶ 18.1). After reviewing the parties' materials and the applicable law, the Court finds that Eisaman and Smith agreed to a contract containing a valid forum-selection clause. For the reasons set forth below, Smith's Rule 12(b)(6) motion will be denied as moot and this action will be transferred sua sponte to the United States District Court for the Eastern District of Texas Sherman Division's ("Eastern District Sherman Division") Plano, Texas courthouse, which sits in Collin County, Texas. 28 U.S.C. § 124(c)(3).

**II.   Background**

**A.   Facts**

Eisaman is a Pennsylvania corporation based in Pittsburgh, Pennsylvania; Smith is a Texas corporation located in Plano, Texas. (Docket No. 1 ¶¶ 4–5). Eisaman, a furniture

manufacturer representative, contracted in January 1991 with Smith, a school furniture manufacturer, to represent Smith's products in upstate and western New York, West Virginia, and Pennsylvania. (Id. ¶¶ 6–8). Eisaman and Smith amended the January 1991 contract in January 2007, broadening Eisaman's duties to the metropolitan New York City area (including Long Island, five boroughs, Westchester City) and Northern New Jersey while leaving the January 1991 contract's other terms unaltered. (Id. ¶ 9). Eisaman contends Smith breached their agreement, causing at least $660,000 in damages for owed and future commissions. (Id. ¶¶ 10–11, 15–16). Eisaman did not attach a copy of the contract to any of its docket entries.

Smith provided a copy of this contract. It shows two dates: January 31, 2003 (typed) and November 12, 2006 (appears to be time stamped at the top of each page). (Docket No. 16-1 at 5–15). Smith and Eisaman executed the contract.[1] (Id. at 15). The contract contains a forum-selection clause stating that "[a]ny litigation of lawsuits between the parties hereto shall be filed in Collin County, Texas." (Docket No. 9-1 ¶ 18.1). The parties agreed "that all prior agreements and arrangements of any kind between [them] . . . are hereby terminated and of no force and effect . . . ." (Id. ¶ 13.1). A merger clause is also present; it states that "this Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof." (Id. ¶ 17). Texas law applies. (Id. ¶ 18.1).

B. **Procedural Posture**

Smith filed a Rule 12(b)(6) motion to dismiss with a brief in support. (Docket Nos. 9, 10). Eisaman submitted an opposition brief (Docket No. 14) that Smith replied to. (Docket

---

[1] Smith attached three copies of its contract with Eisaman to docketed materials. The two copies attached to Smith's reply brief are the same and include the parties' signature page. (Docket Nos. 16-1 at 5–15; 16-2 at 3–13). The copy attached to Smith's motion to dismiss lacks the parties' signature page but contains the same terms as the two copies attached to Smith's reply brief. (Docket No. 9-1 at 5–20). Also, the copy attached to Smith's motion to dismiss contains addendum pages signed by Eisaman. (Id. at 15–20).

No. 16). Both parties consented to the undersigned's jurisdiction over this action. (Docket Nos. 13, 15).

III. **Standards of Review**

This case presents a non-typical scenario: a defendant moving for dismissal under Rule 12(b)(6) to enforce a forum-selection clause. (Docket No. 10 at 1). Moving for Rule 12(b)(6) dismissal is permissible to enforce a valid forum-selection clause. Salovaara v. Jackson Nat'l Life Ins. Co., 246 F.3d 289, 298 (3d Cir. 2001). "When only a 12(b)(6) motion to dismiss is filed . . . th[e] court has the power to dismiss the action . . . without considering the possibility of transfer to another federal forum." Kahn v. Am. Heritage Life Ins. Co., No. 06-1832, 2006 WL 1879192, at *7 (E.D. Pa. June 29, 2006) (citing Salovaara, 246 F.3d at 298–99). But the United States Court of Appeals for the Third Circuit ("Third Circuit") acknowledged that "it makes better sense[] when venue is proper but the parties have agreed upon a not-unreasonable forum[-]selection clause . . . to transfer rather than dismiss." Salovaara, 246 F.3d at 299.[2] Indeed, a district court is not precluded "from sua sponte considering whether transfer is the better course." Kahn, 2006 WL 1879192, at *7 (citing Salovaara, 246 F.3d at 299). If a district court sua sponte considers transfer, when venue is proper in the transferor and transferee forums,

---

[2] The Supreme Court in Atl. Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex., 134 S. Ct. 568, 581 (2013), held that a motion to transfer under 28 U.S.C. § 1404(a) will almost always be granted when the parties agreed to a valid forum-selection clause. Atl. Marine did not consider whether a defendant could move for dismissal under Rule 12(b)(6) to enforce a forum-selection clause. Id. at 581. Of the federal appellate courts to consider this question post-Atl. Marine, two continue to allow parties to use Rule 12(b)(6) motions to dismiss cases brought in federal forums not delineated in valid forum-selection clauses. Claudio-de Leon v. Sistema Universitario Ana G. Mendez, 775 F.3d 41, 46 (1st Cir. 2014) (quoting Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009)); Podesta v. Hanzel, No. 15-3372, 2017 WL 1135696, at *2 (3d Cir. Mar. 27, 2017) (not precedential). One federal appellate court seemingly criticized the use of Rule 12(b)(6) to dislodge cases from improper forums in light of Atl. Marine. Weber v. PACT XPP Techs., AG, 811 F.3d 758, 768 n.11 (5th Cir. 2016) ("The First Circuit apparently has determined that its previous approach therefore remains valid despite Atlantic Marine's exhortations in favor of the [forum non conveniens § 1404(a)] analysis.").

3

the district court must apply a factor analysis contained in 28 U.S.C. § 1404(a). Jumara v. State Farm Ins. Co., 55 F.3d 873, 878 (3d Cir. 1995).

### A. Rule 12(b)(6)

Courts should assume the veracity of well-pleaded factual allegations. Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011) (citing Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)). When deciding a Rule 12(b)(6) motion to dismiss, a federal court may consider "only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." Lum v. Bank of Am., 361 F.3d 217, 222 n.3 (3d Cir. 2004). "A document forms the basis of a claim if it is 'integral to or explicitly relied upon in the complaint.'" Gross v. Stryker Corp., 858 F. Supp. 2d 466, 477 (W.D. Pa. 2012) (quoting In re Rockefeller Ctr. Props., Inc. Sec. Litig., 184 F.3d 280, 287 (3d Cir. 1999) (emphasis omitted; internal citations and quotations omitted)). The contract between Eisaman and Smith that Smith attached to its motion to dismiss and its reply brief appears to be the one Eisaman's complaint refers to, though the dates are different.[3] (Docket Nos. 1 ¶¶ 6–9; 9-1 at 5–20; 16-1 at 5–15; 16-2 at 3–13). The contract copies Smith attached to its materials will be considered for purposes of this motion.

The Court "need not accept allegations that are internally inconsistent . . . ." Amelio v. McCabe, Weisberg & Conway, P.C., No. 14-1611, 2015 WL 4545299, at *4 (July 28, 2015); (citing Kaempe v. Myers, 367 F.3d 958, 963 (D.C. Cir. 2004)).

---

[3] The date discrepancy does not show that the contract Eisaman's complaint refers to is different than the contract Smith attached to its materials. See infra Part IV.A.

### B. 28 U.S.C. § 1404(a)

Before determining whether transfer is warranted under 28 U.S.C. § 1404(a), a court should decide whether any forum-selection clauses at issue are valid. Knopick v. UBS AG, 137 F. Supp. 3d 728, 732 (M.D. Pa. 2015).

Section 1404(a) of Title 28 of the United States Code provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). Transferring a case usually requires three steps: (1) determine whether the proposed transferee court is a venue where the action "might have been brought" under the federal venue statute; (2) evaluate the relevant "private factors" relating to "the convenience of parties and witnesses"; and (3) examine the "public factors" relating to "the interest of justice" and weigh them to determine if the action should be transferred. Shutte v. Armco Steel Corp., 431 F.2d 22, 24–25 (3d Cir. 1970); Jumara, 55 F.3d at 879. See In re Volkswagen of America, Inc., 545 F.3d 304, 312, 314 (5th Cir. 2008) (en banc).

The Section 1404(a) analysis changes if the parties agreed to a valid forum-selection clause. "When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." Atl. Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex., 134 S. Ct. 568, 581 (2013). Atlantic Marine required district courts to change their typical § 1404(a) analysis in three respects. "First, the plaintiff's choice of forum merits no weight." Id. Second, district courts "must deem the private-interest factors to weigh entirely in favor of the preselected forum" when the parties agree to a forum-selection clause. Id. at 582. "As a consequence, a district court may consider arguments about public-interest factors only." Id. "Forum-selection clauses should

5

control except in unusual cases." Id. "Third, when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules." Id. If "a transfer stems from enforcement of a forum-selection clause: [t]he court in the contractually selected venue should not apply the law of the transferor venue to which the parties waived their right." Id. at 583.

## IV. Discussion

### A. Eisaman and Smith Made a Contract

Before analyzing whether the parties agreed to a valid forum-selection clause, the Court will first show that Eisaman and Smith entered into the contract containing the forum-selection clause at issue. Eisaman contends that a January 1991 contract (amended in January 2007) is a different contract than the one Smith appended to its motion to dismiss, which is dated either January 31, 2003 (typed) or November 12, 2006 (appears to be time stamped at the top of each page). (Docket Nos. 1 ¶¶ 6–9; 9-1 at 5–20; 16-1 at 5–15). Eisaman then highlighted that the contract accompanying Smith's motion to dismiss lacked the parties' signatures. Eisaman hopes to show that it is not bound to the contract (and thus the forum-selection clause) that Smith points to and instead emphasizes the continuing vitality of a purported January 1991 agreement it has not yet produced. Eisaman's arguments fall flat.

First, the plain language of the contract at issue forecloses any possibility that an earlier agreement (the purported January 1991 agreement including a January 2007 amendment) defines Eisaman's and Smith's business relations. Contract integration is a question of law. Gianni v. R. Russell & Co., 126 A. 791, 792 (Pa. 1924). If a document is "'couched in such terms as import a complete legal obligation,'" it presumably contains the parties' entire agreement. Id. (quoting Seitz v. Brewers' Refrigerating Mach. Co., 141 U.S. 510, 517 (1891)). Paragraph 13.1 provides "that all prior agreements and arrangements of any kind between [Eisaman and Smith] . . . are

6

hereby terminated and of no force and effect . . . ." (Docket No. 16-1 ¶ 13.1). Paragraph 17 contains a merger clause; it states that "this Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof." (Id. ¶ 17). The language in paragraphs 13.1 and 17 indicate that the parties fully integrated the contract at issue. Even if Eisaman and Smith signed a contract in January 1991, that contract has no bearing on this action based on the plain language of the present contract. (Id. at 5–15). Eisaman also does not allege that the January 1991 agreement was made with separate consideration or argues that it would "naturally be made as a separate agreement" such that it would be immune to integration. Harrison v. Soffer, 289 A.2d 752, 755 (Pa. Super. Ct. 1972) (internal quotation marks omitted). Further, there is no allegation that a purported January 2007 amendment eliminated or altered the forum-selection clause currently before the Court.

Second, Eisaman and Smith executed the present contract. Smith attached a version of the contract containing a signature page to its reply brief. (Docket No. 16-1 at 5–15). Both parties' signatures appear on the signature page. (Id. at 15). Considering that the terms in the documents attached to Smith's motion to dismiss and reply brief match and are about a similar subject matter to the purported January 1991 contract (Eisaman acting as a sales representative for Smith), Eisaman and Smith are bound by the contract at issue, including its forum-selection clause. (Docket Nos. 1 ¶¶ 6–9; 9-1 at 5–20; 16-1 at 5–15).

**B.     Eisaman's and Smith's Contract Contains a Valid Forum-Selection Clause**

The parties' contract includes a valid forum-selection clause. It requires that "[a]ny litigation of lawsuits between the parties hereto shall be filed in Collin County, Texas." (Docket No. 9-1 ¶ 18.1). In a diversity case, federal law determines a forum-selection clause's validity. Jumara, 55 F.3d at 877–78 (citing Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 32 (1988)). Interpreting and enforcing forum-selection clauses are pure issues of law. Salovaara, 246 F.3d

7

at 295. Forum-selection clauses are presumed valid unless the resisting party shows the clause's enforcement to be unreasonable. The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972); Foster v. Chesapeake Ins. Co., 933 F.2d 1207, 1219 (3d Cir. 1991). Enforcing a forum-selection clause is unreasonable if it: (1) was procured through fraud or overreaching; (2) "would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision"; and (3) prescribes a forum that is "seriously inconvenient for the trial of the action." The Bremen, 407 U.S. at 15–16 (emphasis removed). The party trying to duck the forum-selection clause receives the burden to show its unreasonableness. Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 592 (1991).

Here, Eisaman does not even attempt to meet its burden to show that the forum-selection clause is invalid. It did not allege that the forum-selection clause arose through any fraud or overreaching. As for the forum's public-policy concerns, the Pennsylvania Supreme Court presumes that forum-selection clauses are valid, enforcing them "when the parties have freely agreed that litigation shall be conducted in another forum and where such agreement is not unreasonable at the time of litigation." Central Contracting Co. v. C.E. Youngdahl & Co., 209 A.2d 810, 816 (Pa. 1965). A forum-selection clause is unreasonable if it "seriously impair[s] [a party's] ability to pursue his cause of action." Id. "Mere inconvenience or additional expense is not the test of unreasonableness since it may be assumed that [the party] received under the contract consideration for these things." Id. Eisaman also did not show how litigation in Collin County, Texas would be too inconvenient for trial. Though Eisaman is a Pittsburgh, Pennsylvania corporation, Smith is a Plano, Texas corporation within Collin County, Texas. (Docket No. 1 ¶¶ 4–5). While Collin County lies far southwest of Pittsburgh, Eisaman and Smith are not "resolv[ing] their essentially local disputes in a remote alien forum." The Bremen,

407 U.S. at 17. The forum-selection clause instead mandates that "any litigation" occur in "Collin County, Texas"—Smith's backyard. (Docket No. 9-1 ¶ 18.1). According to the Pennsylvania Supreme Court, "[i]f the agreed upon forum is available to [a party] and said forum can do substantial justice to the cause of action then [that party] should be bound by his agreement." Central Contracting, 209 A.2d at 816. Eisaman does not argue that a court in Collin County—state or federal—is not available for litigation or is unable to do substantial justice in this matter. Therefore, the forum-selection clause is valid.

### C. Venue is Proper in the Western District and the Eastern District Sherman Division

The Court may analyze Section 1404(a)'s public-interest factors because venue is proper in this district and the Eastern District Sherman Division. A federal court must apply Section 1404(a)'s factor analysis when venue is proper in the transferor and transferee forums. Jumara, 55 F.3d at 878. Venue is proper in "a judicial district in which a substantial part of the events . . . giving rise to the claim occurred" and part of the territory Smith assigned Eisaman to cover includes the Western District. 28 U.S.C. § 1391(b)(2); (Docket No. 16-1 at 14). Venue is also proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). Smith is the only defendant and it is located in Plano, Texas, which is under the Eastern District Sherman Division's jurisdiction. Therefore, the parties may properly lay jurisdiction in the Western District or the Eastern District Sherman division. This permits a Section 1404(a) factor analysis.

### D. Analyzing Section 1404(a)'s Public-Interest Factors Pursuant to <u>Atlantic Marine</u>

Eisaman failed to show that it would be unwarranted to transfer its action to a federal court in Collin County, Texas.[4] Before considering the public-interest factors, this Court must determine that the destination forum—the Eastern District Sherman Division—is an adequate alternative. <u>Knopick</u>, 137 F. Supp. 3d at 736 (citing <u>Piper Aircraft Co. v. Reyno</u>, 454 U.S. 235, 254 (1981)). Eisaman did not contest the adequacy of alternative forums. The Court has no reason to doubt the adequacy of the Eastern District Sherman Division. <u>See</u> <u>supra</u> Part IV.B. Therefore, it is an adequate alternative forum.

The Court next considers Section 1404(a)'s public-interest factors as delineated in case law. <u>Atlantic Marine</u> laid these factors out in a footnote: "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." 134 S. Ct. 581 n.6 (quoting <u>Piper Aircraft</u>, 454 U.S. at 241 n.6 (internal quotation marks omitted)). Eisaman, "as the party defying the forum-selection clause, . . . bears the burden of establishing that transfer . . . is unwarranted." <u>Atl. Marine</u>, 134 S. Ct. at 581.

The public-interest factors favor transfer to the Eastern District Sherman Division. Eisaman did not make any arguments regarding administrative difficulties in the Eastern District Sherman Division as compared to the Western District. Moreover, "[c]ourt congestion is not a decisive factor; it must be weighed against all other relevant factors, and district courts within the Third Circuit have not placed great importance on this factor." <u>York Group, Inc. v. Pontone</u>,

---

[4] The court recognizes that its <u>sua</u> <u>sponte</u> consideration of transfer in this case may have caught Eisaman off guard. However, Smith applied Section 1404(a)'s public-interest factors in its brief supporting its Rule 12(b)(6) motion to dismiss. (Docket No. 10 at 8–10). Eisaman did not address Section 1404(a)'s public-interest factors in its opposition brief. (Docket No. 14).

No. 10-1078, 2014 WL 3735157, at *13 (W.D. Pa. July 28, 2014) (internal quotation marks omitted). The administrative-difficulties factor applies neutrally to the parties.

As for the localized-interest factor, the Western District certainly has an interest in resolving a lawsuit involving Eisaman, a Pittsburgh-based corporation. (Docket No. 1 ¶ 4). But the Western District's localized interest is matched by the Eastern District Sherman Division's localized interest in protecting Smith, a Plano, Texas-based corporation. (Id. ¶ 5). Considering that Eisaman represented Smith in areas outside the Western District's jurisdiction, such as West Virginia and upstate New York (Docket No. 16-1 at 14), the localized-interest factor favors Smith.

Finally, the Eastern District Sherman Division is best suited to host a diversity case applying Texas law. Eisaman and Smith contracted for Texas law to apply to disputes between them. (Docket No. 9-1 ¶ 18.1). Even if the parties did not choose Texas law, it would apply anyway. "A federal court sitting in diversity ordinarily must follow the choice-of-law rules of the [s]tate in which it sits." Atl. Marine, 134 S. Ct. at 582 (citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 494–96 (1941)). But "when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules." Atl. Marine, 134 S. Ct. at 582. "[F]ederal courts sitting in diversity apply state substantive law and federal procedural law." Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 427 (1996). This court does not doubt its ability to apply Texas substantive law and choice-of-law rules. However, the Eastern District Sherman Division is more familiar with Texas law because it sits in Texas. Therefore, this factor favors Smith.

Section 1404(a)'s public-interest factors favor transfer of this action to the Eastern District Sherman Division.

## V. <u>**Conclusion**</u>

Eisaman and Smith agreed to a contract containing a forum-selection clause. This clause mandates that lawsuits between Eisaman and Smith be filed in a court situated in Collin County, Texas. The forum-selection clause is valid. Section 1404(a)'s public-interest factors favor transferring this action to a federal court whose jurisdiction includes Collin County. Therefore, the court will order this case's transfer to the Eastern District Sherman Division's Plano, Texas courthouse for further proceedings. 28 U.S.C. § 124(c)(3). Smith's Rule 12(b)(6) motion to dismiss (Docket No. 9) is denied as moot due to the <u>sua sponte</u> transfer of this action.

Dated: June 1, 2017    /s/ Robert C. Mitchell
United States Magistrate Judge

cc:    All Counsel of Record